UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

GARRY REGGIE WESLEY, #176434,

        Petitioner,

                      CASE NO. 2:23-CV-11817
v.                      HONORABLE SEAN F. COX

JEFF TANNER,

        Respondent.
_____/

**OPINION AND ORDER DISMISSING THE PETITION FOR A WRIT
OF HABEAS CORPUS, DENYING A CERTIFICATE OF APPEALABILITY,
AND DENYING LEAVE TO PROCEED IN FORMA PAUPERIS ON APPEAL**

**I.    Introduction**

Michigan prisoner Gary Reggie Wesley ("Petitioner"), currently confined at the Gus Harrison Correctional Facility in Adrian, Michigan, has filed a pro se petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254 asserting that he is being denied appropriate good time credits, which is negatively affecting his parole eligibility date. ECF No. 1, PageID.5-6. Petitioner is in state custody based upon his Oakland County Circuit Court convictions for kidnaping and first-degree criminal sexual conduct for which he was sentenced to concurrent terms of 40 to 80 years imprisonment in 1984, as well as his Jackson County Circuit Court and Ionia County Circuit Court convictions for assaulting a jail employee or escape for which he was sentenced to two to four years imprisonment in 1987 and 1988, respectively. *See* Petitioner's Offender Profile, Michigan Department of Corrections Offender Tracking Information System ("OTIS"), mdocweb.state.mi.us/OTIS2/otis2profile.aspx?mdocNumber=176434. In his pleadings, Petitioner states that he has filed "many" grievances with prison officials over the years which have "simply

disappeared" and that he filed a grievance on June 28, 2023 which was denied for raising a non-grievable issue. ECF No. 1, PageID.6., 8. Petitioner dated his federal habeas petition on July 18, 2023. *Id*. at PageID.15.

Promptly after the filing of a habeas petition, the Court must undertake a preliminary review of the petition to determine whether "it plainly appears from the face of the petition and any exhibits annexed to it that the petitioner is not entitled to relief in the district court." Rule 4, RULES GOVERNING § 2254 CASES; *see also* 28 U.S.C. § 2243. If, after preliminary consideration, the Court determines that the petitioner is not entitled to relief, the Court must summarily dismiss the petition. *Id.; see also Allen v. Perini*, 424 F.2d 134, 141 (6th Cir. 1970) (district court has the duty to "screen out" petitions that lack merit on their face). A federal district court is authorized to summarily dismiss a habeas petition if it plainly appears from the face of the petition and any exhibits that the petitioner is not entitled to federal habeas relief. *McFarland v. Scott*, 512 U.S. 849, 856 (1994); *Carson v. Burke*, 178 F.3d 434, 436 (6th Cir. 1999); Rule 4, RULES GOVERNING § 2254 CASES.

After undertaking such preliminary review, the Court concludes that Petitioner has not exhausted state court remedies as to his habeas claims and dismisses without prejudice the petition for a writ of habeas corpus. The Court also denies a certificate of appealability and denies leave to proceed in forma pauperis on appeal.

**II.    Analysis**

A prisoner filing a habeas petition under 28 U.S.C. §2254 must first exhaust available state court remedies. *See O'Sullivan v. Boerckel*, 526 U.S. 838, 845 (1999) ("state prisoners must give the state courts one full fair opportunity to resolve any constitutional issues by invoking one complete round of the State's established appellate review process"); *Rust v. Zent*, 17 F.3d 155, 160

(6th Cir. 1994). To satisfy this requirement, the claims must be "fairly presented" to the state courts, meaning that the prisoner must have asserted both the factual and legal bases for the claims in the state courts. *McMeans v. Brigano*, 228 F.3d 674, 681 (6th Cir. 2000); *see also Williams v. Anderson*, 460 F.3d 789, 806 (6th Cir. 2006) (citing *McMeans*). The claims must also be presented to the state courts as federal constitutional issues. *Koontz v. Glossa*, 731 F.2d 365, 368 (6th Cir. 1984). Each issue must be presented to all levels of the state court system, including the state's highest appellate court, to satisfy the exhaustion requirement. *Wagner v. Smith*, 581 F.3d 410, 414 (6th Cir. 2009); *Hafley v. Sowders*, 902 F.2d 480, 483 (6th Cir. 1990). While the exhaustion requirement is not jurisdictional, a "strong presumption" exists that a prisoner must exhaust available state remedies before seeking federal habeas review. *Granberry v. Greer*, 481 U.S. 129, 131, 134-135 (1987). The burden is on the petitioner to prove exhaustion. *Rust*, 17 F.3d at 160.

In this case, Petitioner neither alleges nor establishes that he has exhausted his habeas claims in the Michigan courts before proceeding in this Court on federal habeas review. While he indicates that he has filed administrative grievances with prison officials, he does not indicate that he has pursued any remedies in the state courts. Petitioner has an available avenue for relief in the state court system such that his pursuit of those remedies would not be futile. For example, he may file a motion in the state trial court(s) and/or seek relief in the Michigan courts by filing a state habeas petition or a mandamus action. *See Robinson v. Washtenaw Cnty. Prosecutor's Office*, No. 2:19-CV-12967, 2019 WL 5598433, *4 (E.D. Mich. Oct. 30, 2019) (citing mandamus cases); *Hughes v. Bauman*, No. 10-CV-13255, 2011 WL 6781019, *2 (E.D. Mich. Dec. 27, 2011) (discussing procedure and citing Mich. Ct. R. 3.303(A)(2) and Mich. Ct. R. 3.305(A)(1)); *Ruiz v. McKee*, No. 08-CV-1219, 2010 WL 103682, *1-3 (W.D. Mich. Jan. 7, 2010) (dismissing habeas

action challenging sentencing computation and maximum discharge date on exhaustion grounds where petitioner could seek mandamus relief in state courts); *see also Lickfeldt v. Department of Corr.*, 247 Mich. App. 299, 636 N.W.2d 272 (2001); *Triplett v. Deputy Warden*, 142 Mich. App. 774, 371 N.W.2d 862 (1985); *Butler v. Warden,* 100 Mich. App. 179, 298 N.W.2d 701 (1980). Any doubts about the availability of state corrective processes are resolved in favor of exhaustion. *Lukity v. Elo,* No. 99-CV-74849-DT, 2000 WL 1769507, *4 (E.D. Mich. Oct. 10, 2000).

The unexhausted claims should be addressed to, and considered by, the state courts in the first instance. Otherwise, this Court cannot apply the standard found at 28 U.S.C. § 2254. Given such circumstances, a non-prejudicial dismissal of the habeas petition is appropriate.

### III. Conclusion

For the reasons stated, the Court concludes that Petitioner has not exhausted his claims in the state courts and that he must do so before proceeding on federal habeas review. Accordingly, the Court **DISMISSES WITHOUT PREJUDICE** the petition for a writ of habeas corpus. The Court makes no determination as to the merits of Petitioner's claims.

Before Petitioner may appeal, a certificate of appealability must issue. *See* 28 U.S.C. § 2253(c)(1)(a); FED. R. APP. P. 22(b). A certificate of appealability may issue "only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). When a court denies relief on procedural grounds without addressing the merits, a certificate of appealability should issue if it is shown that jurists of reason would find it debatable whether the petitioner states a valid claim of the denial of a constitutional right, and that jurists of reason would find it debatable whether the court was correct in its procedural ruling. *Slack v. McDaniel*, 529 U.S. 473, 484-485 (2000). Reasonable jurists could not debate the correctness of the Court's procedural

ruling. Accordingly, the Court **DENIES** a certificate of appealability.

Lastly, the Court concludes that an appeal from this decision cannot be taken in good faith. *See* FED. R. APP. P. 24(a). Accordingly, the Court **DENIES** leave to proceed in forma pauperis on appeal. This case is closed.

**IT IS SO ORDERED**.

s/Sean F. Cox
Sean F. Cox
United States District Judge

Dated: August 9, 2023

I hereby certify that a copy of the foregoing document was served upon counsel and/or parties of record on August 9, 2023, by electronic and/or ordinary mail.

s/J. McCoy
Case Manager